## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TIMOTHY ALAN LAMB,**<br>4971 Bilford Ln<br>Lake Oswego, OR 97035, | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. |
| **LORETTA E. LYNCH**<br>U.S. Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001, | ) ) ) ) ) | |
| Defendant | ) ) ) | |

## COMPLAINT
## (DECLARATORY JUDGEMENT AND EQUITABLE RELIEF)

1.      Plaintiff Timothy Alan Lamb, by counsel, brings this action against his

former employer, the Federal Bureau of Investigation ("FBI"), requesting judicial review

of the summary action of the FBI terminating his employment with defamatory statements

and in a manner that injured him by damaging his reputation and by effectively

diminishing and/or foreclosing Plaintiff's right to pursue his career as a law enforcement

officer. The FBI's summary dismissal procedure accompanied by written defamatory and

career-ending allegations deprived Plaintiff of his Fifth Amendment rights to due process

by depriving him of his liberty interest, e.g., by accusing him, *inter alia*, of engaging in

1

criminal activities and dishonesty with police and authorities, and placing all of the

allegations into Plaintiff's personnel records that could be accessed by future prospective

employers, without providing Plaintiff any meaningful opportunity to respond to the

allegations and/or clear his name.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under the following statutes: a. 28 U.S.C.

§ 1331, which gives district courts original jurisdiction over civil actions arising under the

Constitution, laws or treaties of the United States; and, b. 28 U.S.C. § 1361 (Mandamus).

3.      Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) & (e)

because the federal department and agency making the relevant decisions that injured

Plaintiff are headquartered in and operate in this district, and made those decisions in this

district.

## PARTIES

4.      Plaintiff, Timothy Alan Lamb, is a citizen United States and resides in the

State of Oregon, and from 1995 until August 2013 was employed by the FBI.

5.      Defendant Loretta E. Lynch is the Attorney General of the United States

and as such he is the head of the Department of Justice.  The FBI is a subordinate agency

of the Department of Justice.  As such, Ms. Lynch is also the head of the FBI and is

responsible for the personnel actions, omissions and practices of the FBI.  Ms. Lynch is

here sued only in his official capacity as head of the FBI.

## STATEMENT OF THE CLAIM

6.     Plaintiff was employed from October 29, 1995 until approximately August 14, 2013, by the FBI, which is an agency within the U.S. Department of Justice. Before his FBI employment, Plaintiff was employed by the U.S. Department of Justice, Immigration and Naturalization Service (INS) starting on June 12, 1994, without break in federal service.

7.     On February 28, 2013, the FBI Office of Professional Responsibility ("OPR"), a department within the FBI, issued a letter (the "February 28 Letter") proposing to dismiss Plaintiff from the rolls of the FBI based upon allegations that a "lack of candor" not under oath in connection with a series of allegations that were later determined to be unfounded.  While Plaintiff had been questioned regarding the dismissed charges, he had not been questioned at the October 2, 2012, interview about the later alleged lack of candor.

8.     Per the February 28 Letter and other FBI admonishments, Plaintiff and his counsel were not permitted to interview any witness without advance OPR approval. Plaintiff and counsel were afforded the opportunity to review the OPR investigation file, but they were prohibited from making copies of any document or taking any document away from controlled FBI spaces.

9.     Plaintiff and his counsel submitted on May 6, 2013, a written Response to the February 28 Letter. Plaintiff and counsel appeared at a videoconference oral hearing on this same matter on May 8, 2013.

10.     While the OPR matter described above was pending, Plaintiff received notice on or about April 29, 2013, about another investigation regarding off-duty conduct that allegedly occurred at least 11 years earlier both prior to and during Plaintiff's' FBI employment. The new allegation concerning off-duty conduct was not the sort that was typically penalized with more than a 30-day suspension.  Plaintiff was subjected to a compulsory investigative interview concerning the new allegations. The investigators prepared a draft written statement answering the investigators' questions for Plaintiff to sign that day. Plaintiff reviewed and made corrections to the draft statement, and signed that statement on June 6, 2013, which answered the investigators' questions. Plaintiff was not presented with or allowed to see documents or evidence prior to or during the investigative interview, but was commanded to answer oral questions immediately based upon his memory only.

11.     On August 14, 2013, OPR issued a letter (the "August 14 Letter") by which OPR summarily dismissed Plaintiff from his FBI employment. Plaintiff did not receive the letter until approximately August 26, 2013.  The August 14 Letter stated it was a final decision and not appealable. Plaintiff was not afforded an opportunity to respond to any proposed discipline based on the new allegations.  Plaintiff was not allowed to present a

4

defense to the new allegations. Unlike the then-still pending discipline case, Plaintiff had never been afforded any opportunity to review the investigative file materials underlying the August 14 Letter's decision.

## LEGAL CAUSE OF ACTION

### (Constitutional Right Violation)

12.     Paragraphs 1 through 11 inclusive are incorporated from above in this Complaint by reference here as though restated in full.

13.     The FBI intentionally and falsely defamed Plaintiff by accusing him, *inter alia*, of engaging in criminal misconduct, of lacking candor, of dishonesty with police and other authorities, of immorality, and of willfully and intentionally violating FBI rules and regulations.

14.     Defendant (FBI) relied upon the allegations of the August 14 Letter and other file materials to remove Plaintiff from his professional career of over 19 years without affording him an opportunity to know the nature of the allegations, the evidentiary support for the allegations, and to give him any opportunity to clear his reputation and good name.

15.     The FBI wrote in the August 14 Letter and in Plaintiff's personnel file the following unfounded and defamatory statement: "[W]e consider SA Lamb to be having a 'good day' when a Judge, a law enforcement officer, an FBI employee, or an outside

private entity isn't calling to complain about him." The August 14 Letter also asserted Plaintiff has exhibited a "profound lack of ethical bearings and judgment." These false and defamatory statements and many others in the August 14 Letter and file documents severely damage the reputation of a law enforcement professional and impose a stigma that would interfere with or foreclose future employment opportunities in law enforcement profession. Plaintiff shall proffer other examples of false and defamatory statements, in documentary and testimonial evidence, in subsequent motion hearings and/or at trial of this matter.

16.    Via the August 14 Letter and other documents in Plaintiff's personnel file Defendant intentionally used baseless, false and defamatory statements to destroy Plaintiff's reputation in his workplace, and to remove Plaintiff from his professional law enforcement position of more than 19 years.

17.    On information and belief, the August 14 Letter has been released to: (a) the FBI Portland (Oregon) Division Office; (b) the FBI Security Division; (c) the FBI Human Resources Division; (d) the Oregon state unemployment insurance department, including but not limited to decision makers, their staffs, and their files; and (e) other state and federal employees and contractors.

18.    The August 14 Letter and its contents imposed a stigma upon Plaintiff and damaged Plaintiff's reputation and standing in the community and in his profession by asserting, *inter alia*, that he has a criminal conduct history, that he violated the rules and

regulations of his law enforcement employers, that he is dishonest, untrustworthy,

notorious, and unreliable as an employee and especially as a law enforcement

professional.

19.     On information and belief, Defendant used the August 14 Letter to interfere

with Plaintiff's ability to obtain unemployment insurance benefits, and to interfere with

his ability to obtain severance benefits that he would have otherwise been entitled to.

20.     Plaintiff has applied for law enforcement and other positions in the federal

sector and has been rejected for such employment.

21.     When Plaintiff applies for federal employment as a law enforcement officer

or agent with another federal agency, that agency would have access to the August 14

Letter and other documents in Plaintiff's personnel file. In that event, the defamatory

content of the August 14 Letter and the other documents would stigmatize Plaintiff and

effectively foreclose Plaintiff from any such employment.

22.     When Plaintiff applies for federal employment that requires a security

clearance, the prospective federal employer would have access to the August 14 Letter

and other documents in Plaintiff's personnel file and/or other employment-related files

containing the defamatory statements. The defamatory contents of the Letter and other

such files and materials will interfere with and likely foreclose Plaintiff from obtaining a

security clearance.

7

23.     If or when Plaintiff applies for and/or interviews for employment with a government or private sector employer, Plaintiff may be required to reveal the defamatory allegations and statements of the August 14 Letter. Under those circumstances, the August 14 Letter will undermine his employment opportunity or foreclose such opportunity altogether.

24.     The August 14 Letter and documents based upon that Letter have interfered with Plaintiff's ability to be reemployed by Defendant or to obtain contracts with Defendant, and interfered with and foreclosed Plaintiff's ability to obtain comparable employment within the federal sector and within the private sector.

25.     Defendant's conduct surrounding the summary dismissal, and Defendant's preparation and dissemination of the August 14 Letter and other defamatory documents, extinguished Plaintiff's good name and reputation and severely limited his ability to provide for his family which caused him severe personal hardship and anxiety, and substantially contributed to loss of his health.

WHEREFORE, Plaintiff requests this Court to adjudge and issue an order:

(A)     Declaring Defendant deprived Plaintiff of due process under the Fifth Amendment
        by depriving him of his constitutionally protected liberty interest in a professional
        reputation without affording him due process.[1]

---

[1]*See Doe v. U.S. Dept. of Justice*, 753 F.2d 1092, 1104-1105 (D.C. Cir. 1985).

(B)   Appointing a magistrate or other official independent of Defendant and its

departments to conduct a hearing[2] at which Plaintiff is afforded the full

opportunity to address and refute the allegations in the August 14 Letter, to include

but not limited to the rights to testify on his own behalf, to assistance of counsel in

all facets, to offer written and oral arguments, and to call and examine witnesses

from within the FBI and from outside the FBI.

(C)   Awarding to Plaintiff the reasonable attorneys' fees and costs for having to retain

an attorney to vindicate Plaintiff's rights to be free of deprivation of his

Constitutional rights and liberty interests;

(D)   Awarding any other relief provided for under law that will make Plaintiff whole

and/or will restore Plaintiff to the position he would have been in but for

Defendant's unlawful conduct;

(E)   Affording any other relief as the Court deems appropriate.

---

[2]*See Doe v. U.S. Dept. of Justice*, 753 F.2d 1092, 1114 n.27 (D.C. Cir. 1985).

DATE:  6 - 8 . 2015

Richard L. Swick
DC Bar No. 936930
Richard W. Stevens
DC Bar No. 443320
Swick & Shapiro, P.C.
1101 15th Street, NW
Suite 205
Washington, DC 20005
(202) 842-0300 (phone)
(202) 842-1418 (fax)